UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE GINNERY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   No. 4:06-CV-731-DJS |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
|     Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Theodore Ginnery for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*,

580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), seeks monetary and declaratory relief in this action brought pursuant to 28 U.S.C. § 1983[1]. The named defendant is Alan Blake (Director, MSOTC).

Plaintiff alleges that defendant Blake has prevented him from taking college courses unless he attains at least a level 5 in his treatment program. Plaintiff asserts that this conduct is discriminatory and prejudicial because he has a G. E. D. Plaintiff states that he should be allowed to go to any college he chooses.

**Discussion**

Plaintiff's complaint should be dismissed because it is frivolous or fails to state a claim upon which relief may be granted, or both. 28 U.S.C. § 1915(e)(2)(B).

The MSOTC has adopted a treatment model that provides various levels through which a sex offender must progress and acquire skills to prevent re-offending. *See Strutton v. Blake,*

---

[1] Plaintiff states that his claim is brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 - 12134. However, he has claimed no disability, and his only cause of action lies under 42 U.S.C. § 1983. *See Castro v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786,791-92 (2003) (citations omitted) (A Court may recharacterize a pro se litigant's action "to avoid an unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal basis.). Accordingly, the Court will consider plaintiff's complaint under § 1983.

2006 WL 335715, *9 (E.D.Mo. 2006). Defendant Blake's decision (insofar as it was his decision) to provide college courses only upon the attainment of a level 5 in the treatment program is not such a substantial departure from accepted professional judgment as to demonstrate that defendant Blake actually did not base the decision on such a judgment. *See Youngberg v. Romeo,* 457 U.S. 307, 323, 102 S.Ct. 2452 (1982) ("[A] decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."). Furthermore, with regard to the nature of the treatment, the state "enjoy[s] wide latitude in developing treatment regimens" for mental health patients. *Kansas v. Hendricks,* 521 U.S. 346, 368 n. 4, 117 S.Ct. 2072 (1997).

Moreover, plaintiff has no constitutional right to an education. *See San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 33-35, 93 S.Ct. 1278, 1296-97 (1973); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) (citation omitted) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration."). Thus, the Court is persuaded that plaintiff's claim must fail.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this  6th  day of June, 2006.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE